NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**UNIVERSITY OF FLORIDA RESEARCH FOUNDATION, INC.,**
*Plaintiff-Appellee*

**v.**

**MEDTRONIC PLC, MEDTRONIC, INC., COVIDIEN LP,**
*Defendants-Appellants*

---

2016-2422

---

Appeal from the United States District Court for the Northern District of Florida in No. 1:16-cv-00183-MW-GRJ.

---

**ON MOTION**

---

Before DYK, O'MALLEY, and WALLACH, *Circuit Judges*.

O'MALLEY, *Circuit Judge*.

**O R D E R**

University of Florida Research Foundation, Inc. ("the Research Foundation") moves to dismiss or transfer this appeal to the United States Court of Appeals for the

Eleventh Circuit. Medtronic plc, Medtronic, Inc., and Covidien LP (collectively, "Medtronic") oppose the motion. For the following reasons, the court concludes it lacks jurisdiction and will order the parties to show cause why this appeal should not be dismissed rather than transferred to the Eleventh Circuit.

In January 2006, the Research Foundation entered into a patent license agreement with a company subsequently acquired by Medtronic. Pursuant to that agreement, the licensee agreed to pay the Research Foundation royalties on any "Licensed Products," defined in the license agreement as products covered by the licensed patents or manufactured with a process covered by those patents. J.A. 214 (§ 1.2.1); J.A. 218 (§ 4.2). The licensee further agreed to provide a "certified full accounting statement" of the royalty amount payable to the Research Foundation and to maintain "books and records sufficient to verify the accuracy and completeness" of the accounting, "including, without limitation, inventory, purchase and invoice records, manufacturing records, sales analysis, general ledgers, financial statements, and tax returns relating to the Licensed Products . . ." J.A. 218–19 (§§ 4.3.3, 6.1). The license agreement additionally required the licensee to "take all steps necessary so that" the Research Foundation "may . . . audit, review, and/or copy all books and records" in order to "verify the accuracy of [the] accounting." J.A. 220 (§ 6.2).

After Medtronic refused the Research Foundation's request to audit certain Medtronic records related to disputed products, the Research Foundation sued Medtronic in Florida state court and asserted claims for breach of contract and breach of the implied duty of good faith and fair dealing. J.A. 55–70. The Research Foundation further sought a declaratory judgment on its right to an accounting. Medtronic counterclaimed for declaratory judgments of noninfringement and invalidity, and for a declaratory judgment that the disputed products are

not—because they do not infringe valid patents—"Licensed Products." J.A. 334, J.A. 693–96. Medtronic then removed the action to the United States District Court for the Northern District of Florida under 28 U.S.C. § 1454, which permits removal of a "civil action in which any party asserts a claim for relief under any Act of Congress relating to patents." Medtronic also asserted diversity under 28 U.S.C. § 1332 as a basis for federal jurisdiction.

The district court then granted the Research Foundation's motion to remand the case to the state court, finding that (1) the Research Foundation was an arm of the state of Florida entitled to sovereign immunity under the Eleventh Amendment, and (2) the Research Foundation had not voluntarily waived its immunity to suit in federal court. *Univ. of Fla. Research Found., Inc. v. Medtronic PLC*, No. 16-cv-183, 2016 WL 3869877, at *3–5 (N.D. Fla. July 15, 2016). Medtronic appealed to this court and the motion to dismiss we now address followed shortly thereafter.

This court's limited jurisdiction includes appeals "in any civil action arising under, or in any civil action in which a party has asserted a compulsory counterclaim arising under, any Act of Congress relating to patents." 28 U.S.C. § 1295(a)(1). A case "aris[es] under" the patent laws only if (1) it is patent law that creates the cause of action asserted, or (2) the asserted claims "necessarily raise" an "actually disputed" and "substantial" question of patent law "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013); *see also ClearPlay, Inc. v. Abecassis*, 602 F.3d 1364, 1367 (Fed. Cir. 2010). A counterclaim is compulsory when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A).

Medtronic asserts that the Research Foundation's claims to an audit arise under the patent laws because the Research Foundation's right to relief on its audit claim depends on whether the disputed products are in fact "Licensed Products" covered by the license agreement. The Research Foundation responds that its complaint only pleads claims related to the construction of the audit provision of the license, whether Medtronic breached that provision by refusing the audit, and whether that refusal also breached duties of good faith and fair dealing. None of these claims require a court to determine patent infringement issues, according to the Research Foundation.

We agree with the Research Foundation that its claims cannot form the basis for this court's appellate jurisdiction. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988) (courts must apply the "well-pleaded complaint" rule). We interpret the Research Foundation's complaint to assert a contract claim seeking an accounting that is not dependent on whether the products as to which that accounting is sought qualify as "Licensed Products" under the license agreement.[1] While the Research Foundation's ultimate right to monetary relief for any alleged breach of Medtronic's obligation to pay royalties could give rise to a compulsory counterclaim under the patent laws, the Research Foundation's current claims do not depend on resolution of patent infringement issues. Those claims, accordingly, do not arise under the patent laws. Medtronic's counterclaims therefore do not provide this court with jurisdiction be-

---

[1] We note that the Florida state court to which the matter was remanded has interpreted both the complaint and the audit provision in the same way. *Univ. of Fla. Research Found., Inc. v. Medtronic plc*, 01-2016-CA-1366 (Fla. Cir. Ct. Dec. 7, 2016).

cause the counterclaims are not compulsory with respect to the Research Foundation's current claims. *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 643–44 (Fed. Cir. 2015).

For these reasons, we conclude that we lack jurisdiction over this appeal, which relates solely to the district court's assessment of its jurisdiction over the state court contract claim. Pursuant to 28 U.S.C. § 1631, this court may, if it is in the "interest of justice," transfer an action or appeal to another court in which the action or appeal "could have been brought at the time it was filed." Conceivably, that is the Eleventh Circuit. We note, however, that there is some question as to whether that court would be precluded from exercising jurisdiction over this appeal under 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."). Though the Supreme Court has limited section 1447(d)'s bar to "remands based on grounds specified in § 1447(c)," *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996), the Eleventh Circuit has stated that a remand for lack of jurisdiction due to the Eleventh Amendment "appear[s] to have been within section 1447(c)'s purview." *Div. of Archives, History & Records Mgmt., Dep't of State v. Austin*, 729 F.2d 1292, 1293 (11th Cir. 1984).[2] Because we may only transfer an action to a court that possesses jurisdiction to consider it, we are inclined to dismiss this appeal, rather than transfer it. But we will give Medtronic the opportunity to first convince us that transfer is appropriate before entry of a final order.

Accordingly,

---

[2] We waive Federal Circuit Rule 27(f) with respect to the Research Foundation's motion.

IT IS ORDERED THAT:

The motion is granted to the extent that within fourteen days from the date of filing of this order, the parties are directed to show cause why this appeal should not be dismissed rather than transferred, pursuant to 28 U.S.C. § 1631, to the United States Court of Appeals for the Eleventh Circuit.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s31